CASE 8—INDICTMENT—APRIL 10.

# Vowells v. Commonwealth.

### APPEAL FROM DAVIESS CIRCUIT COURT.

1. SETTING UP FARO BANK.—An indictment which charges that the defendant did "unlawfully set up, exhibit, *and* keep for himself *and* another" a faro bank, etc., charges but a single offense, although the language of the statute is: "Whoever shall set up, exhibit, *or* keep for himself *or* another," etc.

2. EXCLUSION FROM OFFICE AND SUFFRAGE.—The Legislature has the power to fix the penalty of exclusion from office and from suffrage for the offense of "setting up, exhibiting and keeping a faro bank."

3. SAME.—It is the duty of the court after conviction to pronounce this penalty, which is prescribed by the statute, and it is, therefore, not necessary to instruct the jury in regard thereto.

Vowells v. Commonwealth.

4. INDICTMENT—AVERMENT OF TIME.—The averment that an offense
   was committed "on the —— day of July, 1883," imports the com-
   mission of it anterior to the twenty-fourth day of the same month,
   when the indictment was found.
5. A MOTION FOR A CONTINUANCE, upon the ground that the defendant was
   unable from sickness to attend the trial, was properly overruled, there
   being no satisfactory evidence of his inability to attend.
6. A MOTION FOR A NEW TRIAL, upon the ground that the defendant was
   unable to attend the trial, was properly overruled, as it was not satis-
   factorily shown that his inability to attend was without his own fault.

R. W. SLACK FOR APPELLANT IN PETITION FOR REHEARING.
   (Brief not in record.)

1. The indictment is not sufficiently certain, in that it charges the defend-
   ant with keeping a faro bank "for himself *and* another." Two
   offenses are charged, and the defendant could not know which he
   would be required to defend.   (Commonwealth v. Perrigo, 3 Met., 5.)
2. The Commonwealth must prove the charge as made.  Proof that the
   defendant kept the faro bank for *himself* does not support the charge
   that he kept it for himself *and* another.   (Clarke v. Commonwealth,
   16 B. M., 211; Mount v. Commonwealth, 1 Duv., 90; Bishop's Crim-
   inal Procedure, volume 1, section 484, second edition; United States
   v. Porter, 3 Day's Cases, 283; 6 Maine, 476; Commonwealth v.
   Livermore, 4 Gray, 18; Jackson v. State, 4 Ind., 560; Icely v. State,
   8 Blackf., 403.)
3. The defendant was a competent witness, upon the motion for a new
   trial, to prove his inability to attend the trial.

P. W. HARDIN, ATTORNEY-GENERAL FOR APPELLEE.

1. The allegations of the indictment are sufficient to show that the offense
   was committed before the finding of the indictment.   (Jones v. Com-
   monwealth, 1 Bush, 35; Commonwealth v. Miller, 79 Ky., 452.)
2. The indictment charges but a single offense.  (Bishop on Statutory
   Crimes, 557, 965, and 966 and note; Hinkle v. Commonwealth, 4
   Dana, 518; Miller v. Commonwealth, 13 Bush, 735.)
3. There was no proper application for a continuance, and whether the
   court erred in overruling the motion for a new trial, based upon the
   ground that the defendant was unable to attend the trial, can not be
   considered.   (Kennedy v. Commonwealth, 13 Bush.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

The charge in the indictment against appellant is,
that he did on the —— day of July, 1883, unlawfully
set up, exhibit, and keep for himself and another a

faro bank, whereby money and other things might be and were won and lost, etc.

The averment that the offense was committed on the —— day of July, 1883, imports the commission of it anterior to the twenty-fourth day of the same month when the indictment was found, and can not be fairly made to mean it was subsequent to that time.

The language of the statute under which the indictment was found is: "Whoever shall set up, exhibit, or keep for himself or another," etc.

While this language might indicate a possible distinction between the meaning and effect of the three acts of setting up, exhibiting, and keeping a faro bank, it can certainly be no objection to the indictment in this case that they are all charged to have been committed at one and the same time. For setting up, exhibiting, and keeping a faro bank may all be done at the same time and place, and when combined, constitute but one offense. In fact, it is difficult to perceive how a faro bank may be set up without being at the same time exhibited and kept. Nor is it a valid objection to the indictment that appellant is charged with setting up, exhibiting, and keeping a faro bank for himself and another. For whether he committed the act alone and for his sole benefit, or jointly with another, he is equally guilty under the statute.

As there was in the meaning of the statute but one offense charged in the indictment, and the charge is in the language of the statute, the court properly overruled both the demurrer and motion to require

the attorney for the Commonwealth to elect which charge he would prosecute.

By the verdict of the jury appellant was found guilty, and his fine was fixed at five hundred dollars and costs, being the penalty prescribed by section 6, article 1, chapter 47, General Statutes. And the court thereupon rendered judgment therefor, and also adjudged that appellant be deemed infamous and forever debarred from exercising the right of suffrage, and from holding any office of trust or profit.

Counsel contend that the lower court erred to his prejudice in failing to instruct the jury fully in regard to the penalty prescribed by the statute.

By the section mentioned, it is provided that a person convicted of the offense for which appellant was indicted shall be fined five hundred dollars and costs, and imprisoned till the same be paid, or imprisoned not more than one year, or both so fined and imprisoned.

As a discretion is thus given to the jury as to the punishment by fine and imprisonment, it was proper for the court, as was done in this case, to instruct them in regard thereto.

But the statute is peremptory that a person indicted for the offense charged in this case "shall be deemed infamous after conviction, and be forever thereafter disqualified from exercising the right of suffrage, and from holding any office of honor, trust or profit," and it was not therefore necessary to instruct the jury in regard thereto. Nor had the court any discretion, but it was its duty, after con-

viction, to pronounce the judgment prescribed by the statute. We do not perceive, therefore, how appellant was prejudiced by the failure of the court to instruct the jury in regard to a punishment fixed by the statute, which inevitably follows conviction, and about which the jury has no discretion.

By section 4, article 8, of the Constitution, it is provided that "laws shall be made to exclude from office and from suffrage those who shall thereafter be convicted of bribery, perjury, forgery, or other crimes or high misdemeanors."

In our opinion legislative power clearly exists under that section to fix the penalty of exclusion from office and from suffrage for the offense for which appellant was in this case indicted and convicted; and it has never been called in question.

The motion for a continuance was not based on the affidavit of appellant, nor in any other such way supported as required the court to postpone the trial. If he had been in fact unable from sickness to attend the trial, it could have been made to appear to the satisfaction of the court when the case was called, for we think it clearly appears he knew about when the case would be called, and could have easily had the evidence of his inability to attend the trial before the court.

The evidence on the motion for a new trial in regard to appellant's inability to attend the trial of the case, does not by any means satisfactorily show that it was without his own fault.

We think the court properly disregarded the ap-

plication of his attorney to continue the case, and also properly overruled the motion for a new trial.

There being no error to the prejudice of appellant's substantial rights, the judgment is affirmed.