Case 92.—INDICTMENT AGAINST THE STANDARD OIL CO. FOR RETAILING OIL WITHOUT A LICENSE.—June 13.

## Commonwealth v. Standard Oil Co.

Appeal from Jessamine Circuit Court.

J. M. BENTON, Circuit Judge.

Judgment for defendant. Commonwealth appeals. Affirmed.

License—Selling Oil from Wagons—Continuous Act—Under the provisions of the reveune laws of this State a license tax of $5 is imposed on "each wagon" used in transporting or re- tailing lubricating or other oils for one year. Sec. 4201, Ky. Stats., provides that "any person who shall engage in the business, or sell or offer to sell any article on which a license is required before procuring the license and paying the tax thereon, * * * shall be fined not less than $50 nor more than $1,000 for each offense unless otherwise

Commonwealth v. Standard Oil Co.

specifically provided," the tax is on the wagon and the offense of operating the wagon is a continuous one, and only one fine can be imposed for the violation of said statute in any one year.

N. B. HAYS, Attorney General, C. H. MORRIS and B. A. CRUTCHER for Commonwealth.

(No brief in record for Commonwealth.)

HUMPHREY, HINES & HUMPHREY for appellee.

### POINTS AND AUTHORITIES.

Sec. 4224, Ky. Stats., imposes a license tax upon the business of selling oil from wagons to retail merchants for re-sale. (Standard Oil Co. v. Commonwealth, 26 Ky. Law Rep., 927.)

Engaging in that business without such license is a continuing offense up to the time of indictment, and can not, at the option of the Commonwealth, be split up into numerous separate offenses. (Wilson v. Commonwealth, 26 Ky. Law Rep., 685; Cawein v. Commonwealth, 22 Ky. Law Rep., 1734.)

OPINION BY JUDGE BARKER—Affirming.

The Standard Oil Company, a corporation, was indicted by the grand jury of Jessamine county, charged with the offense of selling by retail to H. L. McLean petroleum, lubricating, or other oils, from a wagon used in transporting same, without having first procured the license required by sec. 4224 of the Ky. Stats. of 1903. This indictment, which is styled No. 12 on the docket of the trial court, was returned by the grand jury on the 14th day of November, 1904. The defendant pleaded not guilty, and also pleaded in bar its former conviction under indictment No. 1 in the same court for the same offense. Indictment No. 1 was also returned by the grand jury on the 14th day of November, 1904, and charged appellee with a violation of the statute in question by an unlawful sale of oil to Forrest F. Miller. The two indictments are identical, except as to the name of

the parties to whom and the time the sales were made. Upon trial of the case, it appearing from the evidence that the sales charged in both indictments, although made on different days, and to different persons, were from the same wagon (No. 1463), and the defendant, by a verdict and judgment rendered on the 6th day of March, 1905, had been fined in the sum of $225, the trial court held that judgment a bar to appellee's conviction under indictment No. 12, and peremptorily instructed the jury to find it not guilty, which was done. From this judgment the Commonwealth has appealed.

The question presented for adjudication is whether each unlawful sale from the wagon constitutes a separate offense, or whether the offense consists of operating the wagon without a license for the license year involved, and is, therefore, a continuing one, which may not be split up by separate indictments covering the same period of time. The language of the statute is, "To sell by retail petroleum, lubricating or other oils, for each wagon used in transporting or retailing oils, five dollars." The statute is purely a revenue law, and the license is for the wagon used in the business of retailing oil for one year.

In the case of Standard Oil Co. v. Commonwealth, 119 Ky., 1, 82 S. W., 970, 26 Ky. Law Rep., 927, in which it was held that the statute now under consideration inaugurated a new system of taxation for the retailing of oil in wagons, different from peddling, it was said: "The unit of taxation is the wagon used in the business of transporting oil for sale." The subject, then, of taxation, is the operation of the wagon for the license year.

Sec. 4201, Ky. Stats., 1903, is as follows: "Any person who shall engage in the business, or sell or offer to sell, any article on which a license is required,

before procuring the license and paying the tax thereon as required by law, shall be deemed guilty of a misdemeanor, and on conviction be fined not less than fifty nor more than one thousand dollars for each offense, unless otherwise specially provided.''

The offense is the operation of the wagon, as a means of carrying on the retailing of oil, without a license. The tax is on the wagon, and the offense of operating the wagon without a license is a continuous one. The sale or offer to sell from the wagon is made by the statute conclusive evidence of the operation of the business, but it is not necessary to allege a sale to any particular person in order to state an offense under the statute.

The question involved here is in all respects similar in principle to that in Wilson v. Commonwealth, 119 Ky., 769, 82 S. W., 427, 26 Ky. Law Rep., 685. In that case Wilson had been indicted three times for violating sec. 4 of an act to amend the charter of the Kentucky State Dental Association (Acts 1885-86, p. 524, c. 1017), which is as follows: ''Any person who shall in violation of this act practice dentistry or dental surgery in the State of Kentucky, for fee or reward, shall be subject to indictment by the grand jury of the county in which the offense is committed; and upon conviction, shall be fined not less than fifty nor more than two hundred dollars for each offense.'' The three indictments were returned by the same grand jury, covering the same period of time, the only difference between them being the name of the persons upon whom the unlawful practice of dentistry had been performed. The defendant was tried and found guilty on one of the three indictments, and, when the other two were called for trial, the former conviction was pleaded in bar, but not allowed by the court, and the defendant was fined in

each case. The last two judgments were reversed, the plea of former conviction being held valid.

It is not necessary to extend this opinion by a repetition of what was said in the case cited. In principle it involved the same question we have here and the judgment in this case is affirmed upon the authority of that.