Standard Oil Co. v. Commonwealth.

CASE 50.—PROSECUTION AGAINST THE STANDARD OIL CO.
FOR SELLING OIL FROM A WAGON WITHOUT A
LICENSE.—March 23.

## Standard Oil Co. v. Commonwealth

Appeal from Graves Circuit Court.

R. J. Bugg, Circuit Judge.

Defendant convicted, and appeals.    Affirmed.

1. Corporations—Indictment Against—Necessary Allegation—Evidence—Supporting Allegations—It is necessary to the validity of an indictment against a corporation that the indictment should aver that the defendant is a corporation and as a plea of not guilty puts in issue the question as to whether it is a corporation it is necessary that evidence should be introduced tending to show that it is.

2. Same—De Facto Existence—Sufficiency of Evidence—On the trial of an indictment against a corporation its de facto existence may be established by evidence tending to show that it acted and was accepted in the community as a corporation under the name alleged.  Any evidence tending to show that it is a corporation is sufficient.  A receipt for money reciting that it is "incorporated" is competent.

3. Instructions—Prejudicial Error—On the trial of an indictment against a corporation the failure of the court to submit the question as to whether or not it is a corporation was not prejudicial error where there was no contradiction of the evidence introduced tending to show that it is a corporation and it was sufficient for that purpose.

W. H. HESTER, attorney for appellee.

HUMPHREY, HINES & HUMPHREY for appellant.

POINTS AND CITATIONS.

1. The Graves county judgment, appealed from by the Standard Oil Company, should be reversed because the question whether

Standard Oil Co. v. Commonwealth.

the defendant was a corporation was not submitted to the jury by the instructions. This is a material issue, even in a civil case. (Pike, Morgan & Co. v. Wathen, 25 Ky. Law Rep., 1264).

2. The graves county judgment, appealed from by the Commonwealth, should be affirmed. The court properly sustained the defendants' plea of former conviction. (Commonwealth v. Standard Oil Co., 27 Ky. Law Rep., 1073.)

3. The Calloway county judgment, appealed from by the Standard Oil Company, should be reversed. (Commonwealth v. Standard Oil Co., 27 Ky. Law Rep., 1073; Standard Oil Co. v. Commonwealth, 27 Ky. Law Rep., 1131; Standard Oil Co. v. Commonwealth, 26 Ky. Law Rep., 927; Standard Oil Co. v. Commonwealth, 26 Ky. Law Rep., 1187.)

W. H. HESTER for appellee.

1. Special statement of the dates.

The Calloway county indictment was returned on April 23, 1904, for sale made in September, 1903.

The Graves county indictment was returned on the 22d day of November, 1904, for a sale made May 30th, 1904.

2. Citations of the law.

It was not proven by the appellant that it has ever procured a license, neither from the county of Calloway, nor from the county of Graves.

3. That the Commonwealth is not required to show the want of a license by a party offending the license laws, see the case of Orme v. Commonwealth of Kentucky, 21 Ky. Law Rep., 1414; Haskell v. Commonwealth of Kentucky, 3 B. Mon., 352; Commonwealth v. Standard Oil Co., 27 Ky. Law Rep., 1074, which holds that the license protects for only that license year.

4. But the vital failure of the appellant in this case that was tried in the Graves Circuit Court, to show that it had a license at all, is fatal to its success in this appeal.

5. So far as it was shown in the case at bar, this appellant has no license to this good day. If it had a license, this is an affirmative fact that it can more easily show than the Commonwealth, for it had been held that a license upon a wagon procured in one county of this State will authorize it to sell in any county in the State; of course the Commonwealth could not be asked to produce the records of each county court clerk in this State to show that the company had no license.

6. No license was shown to exist by the evidence in this case, nor by any of the pleadings by this appellant.

7. Continuing offenses, or rather a continuous offense, is barred

against all acts that have occurred up to the finding of the indictment; but the criminal acts that occur thereafter constitutes a different offense, is a question cited too often to need repetition now.

8. The demurrer to the indictment was properly overruled.

9. The demurrer to the evidence was also properly overruled.

10. Instruction "A" offred by appellant was properly overruled.

11. Instructions No. 1 and 2 given by the court were proper.

12. The amount of the fine was not excessive.

13. A fair and impartial trial was had by the appellant.

14. The motion for a new trial was properly overruled.

The judgment of the lower court should be sustained.

OPINION OF THE COURT BY JUDGE PAYNTER—Affirming.

The indictment was returned in court November 29, 1904, and charged the appellant with the offense of unlawfully selling petroleum, lubricating, and other oils by transporting and retailing the same by means of a wagon without a license so to do. The oil was alleged to have been sold to L. J. Bowen on May 30, 1904. The trial resulted in a conviction and the imposition of a fine of $250.

A reversal is sought because the Commonwealth failed to prove that the appellant was a corporation. It is averred in the indictment that it is a corporation. Such an averment was essential to the validity of the indictment. Roberson's Criminal Law, vol. 2, 1036. If the Standard Oil Company was a partnership, it would have been necessary to proceed against the members comprising the firm, as no valid judgment could be rendered against the name under which they conducted the business. If it is necessary to allege that a defendant is a corporation, then it is necessary that there should be introduced some evidence tending to show that it is. A plea of not guilty puts in issue the question as to whether it

was a corporation. When there is no admission that it is a corporation, and the plea of not guilty is equivalent to a denial that it is, its charter may be shown to establish that it is a corporation. However, it is not necessary to offer in evidence its articles of incorporation. Its de facto existence may be established by evidence tending to show that it acted and was accepted in the community as a corporation under the name alleged. In fact, any evidence tending to show it is a corporation is sufficient. Subsection 2, section 682, Bishop's Criminal Procedure. It may be shown that the defendant is a corporation by a certified copy of the statement which it may file in the office of the Secretary of State by virtue of section 571, Ky Stats. 1903, to designate an agent upon whom process may be served in a suit against it. The Commonwealth produced sufficient evidence that the appellant is a corporation. The receipt which the appellant gave L. J. Bowen for the payment of the oil it sold him was introduced as evidence and it is therein recited that the Standard Oil Company is "incorporated." The failure of the court to submit the question as to whether or not the appellant is a corporation was not a prejudicial error, as there was no contradiction of the evidence tending to show it is a corporation, and it was sufficient for that purpose.

The judgment is affirmed.