## Louisville & Nashville Railroad Company v. Commonwealth.

(Decided June 6, 1913.)

### Appeal from Bell Circuit Court.

1. Appeal—New Trial.—No error committed during a trial is available upon appeal, unless it has been relied upon as a ground for a new trial.
2. Railroads—Blocking Frogs.—Under section 780 if the Kentucky Statutes, which requires every railroad company to block the frogs on its track, the statute is violated when the company fails to block any one of its frogs.
3. Evidence—Incorporation—How Shown.—In order to show, that the defendant is a corporation created under the laws of this State, it is only necessary to show the de facto existence of such corporation; and that may be established by evidence tending to show that it acted and was accepted in the community as a corporation under the name alleged.

4. Evidence—Judicial Notice.—Under section 1624 of the Kentucky Statutes, which requires the courts of this State to take judicial notice of the acts of the General Assembly, the courts will take judicial notice that a corporation created by legislative act, is a corporation.

5. Judgment—Former Conviction.—A plea of former acquittal or conviction will avail as a bar whenever the facts charged in the second indictment would, if proved, have prevented a legal conviction upon the prior indictment under which the prisoner has been acquitted or convicted.

C. W. METCALF and B. D. WARFIELD for appellant.

JAMES GARNETT, Attorney General, O. S. HOGAN, Assistant Attorney General and J. G. FORRESTER for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

The appellant was indicted at the November term of the Bell Circuit Court, under section 780 of the Kentucky Statutes, for its failure to block a frog of its railroad track at a point on its main track in Middlesboro opposite a building formerly occupied by the Norton Hardware Company, so as to prevent the feet of its employes from being caught in said frog. Upon a trial, the jury imposed a fine of $100; and from the judgment upon that verdict, the defendant appeals.

In its brief, appellant assigns three grounds for a reversal; (1) the trial court erred in permitting witnesses for the Commonwealth to testify that appellant was a corporation; (2) defendant's motion to require the jury to find for it upon the evidence should have been sustained because, it is claimed, the evidence shows that the frog referred to in the indictment and in the testimony was not the property of the defendant, but was the property of the Virginia Iron, Coal and Coke Company; and (3) the court erred in overruling defendant's plea of former conviction.

1. It would be a sufficient answer to the first error suggested to point out the fact that this alleged error was not made a ground for a new trial, and cannot, therefore, be considered upon appeal. It is a well settled rule of this court, that no error committed during the trial is available upon appeal, unless it has been specifically relied upon in the grounds for a new trial. Hatfield v. Adams, 123 Ky., 422; Acme Mills & Elevator Co. v. Rives, 141 Ky., 786; City of Frankfort v. Buttimer, 146 Ky., 818.

Furthermore, the evidence was competent. In order to show that the defendant is a corporation created under the laws of this State, it is only necessary to show the *de facto* existence of such corporation; and that may be established by evidence tending to show that it acted and was accepted in the community as a corporation under the name alleged. Standard Oil Co. v. Commonwealth, 122 Ky., 440; Geo. H. Goodman v. Commonwealth, 30 Ky. Law Rep., 519; 99 S. W., 252; Morse v. Commonwealth, 129 Ky., 312.

Furthermore, the court will take judicial notice that appellant is a corporation. In M., H. & E. R. R. Co. v. Commonwealth, 140 Ky., 258, we said:

"What evidence will be sufficient to sustain the allegation was pointed out in Standard Oil Co. v. Commonwealth, 122 Ky., 440. By section 1624, Kentucky Statutes, judicial notice is taken of acts of the General Assembly; and so where a corporation is created by legislative act, the court will take judicial notice that it is a corporation. Cincinnati, et al., R. R. Co. v. Commonwealth, 6 R., 306; L. & N. R. R. Co. v. Commonwealth, 11 R., 442. Judicial notice will not be taken of articles of incorporations filed in the office of the Secretary of state; but in view of the rights of railroad companies, and the statutes on the subject, it will, unless the contrary appears, be presumed that a railroad company is a corporation. All the provisions of the Kentucky Statutes regulating railroads are placed in the chapter on private corporations; and only corporations are authorized to condemn land for right of way, depot grounds and the like. It is universal to incorporate companies to own and operate railroads. A firm cannot well do the business. The court, therefore, did not err in refusing to instruct the jury peremptorily to find for the defendant, on the ground that the prosecution failed to introduce evidence that the defendant was a corporation."

2. We cannot agree with counsel for appellant that the evidence clearly shows the frog mentioned in the indictment and in the testimony belonged to the Virginia Iron, Coal and Coke Company. While some of the testimony of the prosecuting witness, Slusher, is vague and uncertain, it is not susceptible of the interpretation put upon it by appellant. Moreover, the testimony of Bingham, the other prosecuting witness, is not subject to the criticism applied to Slusher's testimony. At most, it can only be said that the testimony upon this point is conflict-

ing; and there being testimony upon either side of the proposition it was for the jury to determine the disputed fact.

3. The indictment was found under section 780 of the Kentucky Statutes, which reads as follows:

"Before the first day of January, 1894, every company shall adjust, fix or block the frogs on its tracks to prevent the feet of its employees from being caught therein."

Section 793 of the Kentucky Statutes fixes the penalty as follows:

"Any company failing to comply with or violating or permitting any of its employees or agents to violate any of the provisions of sections 772, 773, 774, 775, 777, 778, 780, 781, 782, 786, 787 and 791 of this article shall, in addition to subjecting itself to any damages that may be caused by such failure or violation, be guilty of a misdemeanor and be find for each failure, or violation not less than one hundred nor more than five hundred dollars, to be recovered by indictment in the circuit court of any county through which the company in default operates a line of road, or in the Franklin Circuit Court."

Thirty-one similar indictments were returned against appellant at the same term of the Bell Circuit Court; and upon a trial under the first indictment (No. 1025) appellant was, on February 4, 1913, found guilty and fined $100. When the second indictment (No. 1026) on which this appeal was prosecuted, was called for trial on February 5, 1913, the defendant pleaded its former conviction under indictment No. 1025 in bar of the Commonwealth's right to prosecute it under indictment No. 1026. The circuit court, however, overruled the plea and it is claimed this was error.

The indictments specified separate and distinct frogs with sufficient certainty to show separate and distinct offenses. Section 793 of the Kentucky Statutes, above quoted, provides a penalty for "each failure or violation" of section 780. The statute is, therefore, broad enough in its terms to make the failure to block any frog a separate and distinct offense. It is quite true that if the Commonwealth had indicted the defendant generally for having failed to block its frogs without specifying any particular frog, a conviction would have been a bar to prosecutions for prior.similar offenses. The case at bar, however, is quite different. Appellant takes the ground that since the statute does not require it to block "each

frog'' but requires it to block ''the frogs,'' it is merely a requirement that appellant shall block *all* of its frogs; and if it fails to block all of its frogs it will then be liable to a fine, not for each frog it has failed to block, but for its failure to comply with the statute by blocking all of its frogs. Under this rather unusual construction of the statute, appellant could in no event be made liable if it blocked one frog although it left the other thirty-one unblocked. Surely no such construction was ever contemplated by the legislature. The statute was passed for the protection of employees of railroads, and if we were to adopt the construction contended for by appellant, the protection thus afforded would be no protection. Commonwealth v. I. C. R. R. Co., 21 Ky. L. R., 1342; 55 S. W. 10. It requires little argument or illustration to show that the offense for which appellant was found guilty under the indictment in this case (No. 1026) is not the same offense for which appellant was tried and found guilty under the first indictment. (No. 1025). In Roberson's Criminal Law, section 52, the rule is stated as follows:

''A plea of former acquittal or conviction will avail as a bar whenever the facts charged in the second indictment would, if proved, have prevented a legal conviction upon the prior indictment under which the prisoner has been acquitted or convicted. In such case the plea will be good though the offense be charged under a different name. The plea must state that the offenses charged in the two indictments are one and the same, or it will not be good.''

Mr. Bishop says the offenses are not the same:

''First, when the two indictments are so diverse as to preclude the same evidence from sustaining both; or, secondly, when the evidence offered on the first indictment, and that intended to be offered on the second relate to different transactions, whatever be the words of the respective allegations; or, thirdly, when each indictment sets out an offense differing in all of its elements from that in the other, though both relate to one transaction; or, fourthly, when some technical variance precludes conviction on the first indictment but permits it on the second.'' 1 Crim. Law., Sec. 1051.

If on the trial of indictment 1025 the proof had described the frog mentioned in indictment 1026 the court would have been compelled to sustain a motion to find the defendant not guilty upon the ground that there

had been a fatal variance; and, under the rule above announced, this clearly shows that the two offenses are not the same. The cases relied upon by appellant are not in point and do not sustain its position.

In Commonwealth v. Standard Oil Company, 120 Ky., 724, the prosecution was against the company for failing to procure the annual license required of it by law; it was indicted for doing business without first having paid its annual license tax. Under that state of case there was but a single offense, not several offenses, since the offense consisted in failing to pay the license tax. The same is true of Wilson v. Commonwealth, 119 Ky., 769, where Wilson was indicted for practicing dentistry in violation of law. The offense there was a continuous one and entirely different from the case at bar. The case of Cawein v. Commonwealth, 110 Ky., 273, was similar to the case just referred to. In Commonwealth v. Crowell, 22 Ky. L. R., 1182; 60 S. W., 170, Crowell was indicted for maintaining a nuisance in several houses, each house being described in the indictment. It was contended that the indictment was bad for duplicity, in that the maintaining of a nuisance in each house was a separate offense. The only question decided was whether this plea was good, and the court merely held that the Commonwealth, if it so desired, might elect to lump all the offenses into one. It no where intimated that the defendant might not have been indicted for maintaining a nuisance in each house. And so here, if the Commonwealth had desired to do so it could have lumped all of these thirty-two offenses into one offense; but it also had the right to separate them into distinct offenses, as it did.

In Snow v. United States, 120 U. S., 274, the prosecution was for a violation of the polygamy law. Snow was indicted separately for living with three wives at the same time and the court very properly held that it was simply one offense under the statute, because polygamy consists of living with more than one wife. But, if instead of indicting him for polygamy, he had been indicted for adultery and each indictment had named a different woman, certainly he could not have pleaded a trial under one of the indictments as a bar to the trial of the others. Clearly the conviction of appellant under the first indictment for a specific offense was not a bar to its trial and conviction under the second indictment for a distinct and separate offense consisting of its failure to block a different frog.

Judgment affirmed.