## Morrow v. Commonwealth.

(Decided February 18, 1914.)

### Appeal from Daviess Circuit Court.

1. Criminal Law—Embezzlement—Indictment—Sufficiency.—An indictment for embezzlement which alleges "and which said money being thus appropriated had been collected by the defendant for and on behalf of the Owensboro Home Telephone & Telegraph Company, and which said money came to the hands of said defendant as an employee of said corporation, and which said money was entrusted by said corporation to said defendant, who was a servant in the employ of said corporation at the time," sufficiently alleges ownership by the corporation of the money embezzled.

2. Criminal Law—Indictment—Bill of Particulars—Motion to Specify Dates—Motion to Elect—Error.—Where on a prosecution for embezzlement of an aggregate sum of money, composed of several items misappropriated at various times, a bill of particulars is filed, the refusal of the trial court to require the Commonwealth to specify the dates on which the various sums were misappropriated, or to require the Commonwealth to elect as to which offense it will prosecute, is not prejudicial where the defendant admits having collected and appropriated to his own use each of the items of money set forth in the bill of particulars, and his only defense is that at the time he misappropriated the money he intended to restore it.

3. Embezzlement—Criminal Intent—Intention to Restore.—While to constitute embezzlement it is necessary that there be a criminal intent, yet where the money of the principal is knowingly used by the agent in violation of his duty, it is none the less embezzlement because at the time he intended to restore it.

4. Criminal Law—Evidence—Proof of Incorporation.—On a trial for embezzlement, proof of incorporation may be shown by parol.

5. Criminal Law—Embezzlement—Venue.—On a prosecution for embezzlement, evidence considered, and held that the venue of the offense was properly proved.

LaVEGA CLEMENTS and LITTLE & SLACK for appellant.

JAMES GARNETT, Attorney General, and D. O. MYATT, Assistant Attorney General for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Defendant, James E. Morrow, was convicted of embezzlement, and he appeals.

Briefly stated, the facts are as follows:

Some two years prior to the 15th day of April, 1913, defendant was the general manager of the Owensboro Home Telephone & Telegraph Company at Owensboro, Kentucky. As such it was his duty, among other things, to collect tolls, fees and charges from the company's subscribers and others doing business with it, and to make settlements with the company for the amount so collected. In April, 1913, the auditor of the company went to Owensboro to check up defendant's accounts. Defendant informed him as to the condition of his accounts. On checking up the books it was found that defendant had appropriated to his own use the sum of $836.22, made up of different items collected at different times. When the case was called for trial defendant admitted taking and using the money, but defended on the sole ground that he simply borrowed the money and intended to pay it back. In support of this defense it is shown that defendant left a memorandum giving the amounts collected, the names of the persons from whom collected, and the amounts withdrawn and used by him.

The first error relied on is that the indictment does not sufficiently allege that the money embezzled belonged to the Owensboro Home Telephone & Telegraph Company. After alleging that defendant was an employee of the Owensboro Home Telephone & Telegraph Company, and that the company was a corporation then and there existing under the laws of the Commonwealth of Kentucky, and that the defendant, being the general manager at Owensboro of said corporation, did unlawfully, feloniously and fraudulently convert to his own use $836.22 in lawful money of the United States, the exact character and description of which was unknown to the grand jury, the indictment concludes as follows:

"And which said money being thus appropriated had been collected by the defendant for and on behalf of the Owensboro Home Telephone & Telegraph Company, and

which said money came to the hands of said defendant as an employee of said corporation, and which said money was entrusted by said corporation to said defendant, who was a servant in the employ of said corporation at the time.''

While it is true that the indictment does not use the word ''belonged,'' we conclude that the allegation that the money appropriated by the defendant ''had been collected by the defendant for and on behalf of the Owensboro Home Telephone & Telegraph Company,'' accompanied by the further allegation that the money came to the defendant's hands as an employee of said corporation and was entrusted to him by said corporation, is sufficient to show ownership by the corporation, and to leave no doubt that the money which he appropriated was in fact the money of the corporation. The demurrer to the indictment was, therefore, properly overruled.

On the calling of the case defendant asked for a bill of particulars. The motion was sustained, and the Commonwealth filed a bill of particulars showing each item collected, and the person from whom collected, but not giving the dates when collected. Defendant asked that the dates be specified. This motion was overruled. After the bill of particulars was filed, showing that defendant had misappropriated various items of money at various times, defendant asked that the Commonwealth be required to elect as to which offense it would prosecute. We are now asked to reverse this case because both the motion to specify the dates and the motion to elect were overruled. Without entering into a discussion of the propriety of the court's action, we are unable to see how defendant was prejudiced by either of the alleged errors. The sums misappropriated were all taken and used by the defendant prior to the finding of the indictment. No question of surprise is presented. Defendant admitted having received and used each of the items referred to. The dates when received and appropriated were therefore immaterial. While it may be true that the bill of particulars, considered in connection with the indictment and the evidence, shows that more than one offense had been committed, yet the Commonwealth proceeded as if there were but one offense. That being true, the judgment may be pleaded in bar of any subsequent indictment for embezzling any one of the items going to make up the aggregate set forth in the indict-

ment. On the other hand, if the Commonwealth had elected as to any particular item, it might thereafter have found numerous indictments for the other sums of money embezzled by the defendant. Having admitted that he collected each of the sums of money set out in the bill of particulars, and appropriated them to his own use, defendant had no substantial defense. While to constitute the offense of embezzlement it is necessary that there be a criminal intent, yet where the money of the principal is knowingly used by the agent in violation of his duty, it is none the less embezzlement because at the time he intended to restore it. Metropolitan Life Insurance Co. v. Miller, 24 Ky. L. R., 1561, 71 S. W., 921; 10 Am. & Eng. Ency. of Law, 996. Had the Commonwealth been required to elect, defendant, therefore, might have been convicted of several offenses instead of one. As it is, he cannot be again convicted for embezzling any of the sums of money making up the aggregate set forth in the indictment on which he was tried. That being true, the action of the court in refusing to require the Commonwealth to elect, instead of being prejudicial, was favorable to the defendant.

The proof on the question of incorporation of the Owensboro Home Telephone & Telegraph Company was sufficient. It is well settled that record evidence of incorporation is not necessary. The fact of incorporation may be shown by parol. Morse v. Commonwealth, 129 Ky., 311; Standard Oil Co. v. Commonwealth, 122 Ky., 440.

There is no merit in the contention that the venue of the offense was not properly proved. Defendant was the company's manager in Owensboro, Daviess County. The proof leaves no doubt that while there he received the various sums collected, and instead of turning them over to the company appropriated them to his own use.

Complaint is also made of the instructions, but after carefully considering them we conclude that they are free from prejudicial error.

Judgment affirmed.