## Sergent v. Commonwealth.

(Decided Feb. 1, 1935.)

568

H. C. FÄULKNER and JOHN D. W. COLLINS for appellant.

BAILEY P. WOOTTON, Attorney General, and DAVID C. WALLS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

Archie V. Sergent appeals from a judgment convicting him of embezzlement, and fixing his punishment at two years' imprisonment.

Briefly the facts are: Sergent was county clerk of Letcher county during the years 1922, 1923, 1924, and 1925. During that time, as was his duty, he collected various sums paid by the owners to redeem their lands from tax sales. When the money was received, he did not pay over to the county its share. Later on he did settle for the years 1922 and 1923. Though the matter was frequently brought to his attention, he made no settlement for the years 1924 and 1925. On July 27, 1929, the county brought suit against Sergent and his sureties to recover the sum of $662.58. Sergent did not answer, but separate answers were filed by the sureties. By agreement of the parties, the cause was heard and tried by the court on December 7, 1932, and judgment rendered against Sergent in the sum of $429.35. On January 25, 1933, a settlement was reached between Sergent and the county acting through its fiscal court. At that time Sergent had county warrants aggregating $591.60, and the accrued interest thereon to the date of settlement amounted to $250.40, making a total of $842. At that time the judgment in favor of the county, together with interest, amounted to $648.25. The difference between the two amounts was $193.75, and the matter was settled by execution of an additional warrant to Sergent. According to Sergent, he never intended to appropriate any of the taxes collected to his own use. On the contrary, he had taken in the county warrants for fees, and some of them in redemption of the lands sold for taxes, and was ready at all times to settle with the county.

The indictment is not defective on the ground that it alleged that the offense was committed on February 2, 1932, whereas Sergent was not county clerk at the time and had not been county clerk since the year 1925. In the case of a felony like embezzlement, time is not a material ingredient, and all that is necessary is that it shall appear that the offense was committed before the finding of the indictment. Section 129, Criminal Code of Practice. Though the indictment did not allege that the offense was committed before the finding of the indictment, the indictment was returned on February 3, 1932, and stated that the offense was committed on February 2, 1932. The averment imported the commission of the offense prior to the date when the indictment was filed, and was therefore sufficient. Vowells v. Commonwealth, 84 Ky. 52; Morgan v. Commonwealth, 172 Ky. 684, 189 S. W. 943.

The indictment is also assailed on the ground that the accusatory part of the indictment is not certain as to the offense charged, and the indictment is therefore defective under the rule laid down in Deaton & Boggs v. Commonwealth, 220 Ky. 343, 295 S. W. 167, and Elliott v. Commonwealth, 194 Ky. 576, 240 S. W. 61. The argument is that there are several different kinds of embezzlement as shown by the statutes, and that to accuse one generally of embezzlement without specifying the kind is not a compliance with the Criminal Code of Practice that the indictment must be direct and certain as to the offense charged (section 124). The argument is pressed with great ability, but we think that a general accusation of embezzlement is sufficient when followed in the body of the indictment by a statement of the acts showing with particularity the precise nature and kind of embezzlement with which the defendant is charged.

Another contention is that appellant was entitled to a peremptory instruction. In support of this position, the argument is that appellant kept an accurate record of all collections, and always admitted receiving the money; that, though he withheld the money of the county, the county owed him more at the time, and he paid the county all that he owed it, and that there is nothing in the entire record tending to show that he intended to convert the money to his own use or to deprive the county thereof. If appellant wrongfully and

fraudulently converted the money to his own use with intent to deprive the county thereof, he was guilty under the statute, section 1205, Kentucky Statutes, even though he may have intended at some time in the future to restore, and did restore, the money. Morrow v. Commonwealth, 157 Ky. 486, 163 S. W. 452; National Life & Accident Ins. Co. v. Gibson, 101 S. W. 895, 31 Ky. Law Rep. 101, 12 L. R. A. (N. S.) 717; Metropolitan Life Ins. Co. v. Miller, 114 Ky. 754, 71 S. W. 921, 24 Ky. Law Rep. 1561. Intent is rarely declared, and must be gathered from the acts of the officer or agent and surrounding circumstances. Appellant admitted collecting and retaining the money. It was his duty to make prompt settlement, but he failed to do so. Section 4151-2, Kentucky Statutes. Exactly when he acquired the county warrants does not appear. The matter dragged along for years. Finally, appellant and his sureties were sued, and he permitted judgment to go against himself without pleading the county warrants as a counterclaim. It was not until after he had been sued and subsequently indicted that he made a settlement with the fiscal court. In the light of these and other circumstances that might be adverted to, we are forced to the conclusion that the evidence of intent was sufficient, not only to take the case to the jury, but to sustain the verdict.

While Herman Hale, the county treasurer, was on the stand and testifying to the numerous county warrants left with him by appellant, the court told the jury in substance that a county warrant or voucher did not bear interest under the law until it was presented to the county treasurer and payment demanded and had been stamped or marked "interest-bearing." It is insisted that this was error because the action of the court was calculated to create the impression that appellant was guilty because the fiscal court allowed him interest on the warrants. It does not appear that any objection was interposed to the question, whether the vouchers had been presented to the county treasurer, or to the admonition of the court. That being true, the alleged error is not available.

The same situation exists with respect to the county attorney's approval of the settlement. Where this phase of the case was gone into, we do not find any objection to the evidence.

Instruction No. 1 submitted in appropriate language the issue whether appellant wilfully and feloniously converted the money to his own use with intent to deprive Letcher county thereof, and instruction No. 2 defined the words "wilfully and feloniously," and it is not seriously contended that either of these instructions is incorrect. The instruction on reasonable doubt is as follows:

> "If you have a reasonable doubt of the defendant having been proven guilty you should find him not guilty,"

and it is insisted that in lieu thereof there should have been given an instruction similar to that approved in Smedley v. Commonwealth, 138 Ky. 1, 127 S. W. 485, 129 S. W. 547, reading as follows:

> "The law presumes the defendant to be innocent until proven guilty beyond a reasonable doubt, and if upon the entire case you have a reasonable doubt of the defendant's having been proven guilty, or a reasonable doubt as to any fact necessary to establish his guilt, then you will find him not guilty."

While the instruction in the latter form might with propriety have been given, it long has been the settled rule that it is the better practice to follow the language of the Criminal Code of Practice as expressed in section 238, and that an instruction substantially in the language of that section is not erroneous. Mickey v. Commonwealth, 9 Bush, 593; Shrout v. Commonwealth, 226 Ky. 660, 11 S. W. (2d) 726.

Lastly, it is claimed that the court did not give all the law of the case. In this connection it is insisted that the court should have given an additional instruction telling the jury in substance that, if appellant had valid claims which he had taken up for the very money he had received, and which were payable at that time by the county, and which he in good faith put before the county authorities, allowing them to know in substance what he had on hand so collected, and that he was willing at all times to settle all sums, and had in fact paid to the county as much or more than was due, he acted in good faith with respect thereto and was not guilty. It seems to us that, if all the facts embraced in the suggested instruction were true, it would not follow as a matter of law that appellant was not guilty of em-

bezzlement. Indeed, it is not perceived how the facts relied on could have been embodied in a separate instruction in such form as to authorize appellant's acquittal without again submitting the question of intent. We are therefore constrained to hold that appellant's defense was presented as effectively and appropriately by the instruction on reasonable doubt as by any other instruction that could have been given.

On the whole, we find no error in the record prejudicial to appellant's substantial rights.

Judgment affirmed.