## Hall v. Commonwealth.

(Decided March 18, 1913.)

### Appeal from Pendleton Circuit Court.

Criminal Law—When Judgment of Conviction Will Not Be Reversed —Evidence.—A judgment of conviction will not be reversed on the ground that the evidence is insufficient to support it, unless the verdict is palpably against the evidence, and this rule applies to circumstantial evidence no less than direct evidence.

JOHN H. BARKER, J. T. SIMON for appellant.

JAMES GARNETT, Attorney General, CHAS. H. MORRIS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

L. D. Hall was indicted in the Pendleton Circuit Court for the murder of Elijah Wood. On a trial of the case he was convicted of voluntary manslaughter, and appealed to this court. On the appeal, the judgment was reversed. The opinion, after setting out the evidence, concluded with these words:

"Under the facts in this case, if guilty at all, appellant was guilty of cold-blooded murder, perpetrated for the purpose of robbery. The jury, however, found him guilty only of manslaughter. The verdict itself, is, therefore, evidence of the doubt that existed in the minds of the jury. In view of the peculiar verdict of the jury, and the unsatisfactory character of the evidence tending to connect appellant with the crime, we are not disposed to uphold the verdict. In a case like this, where the evidence is

purely circumstantial, the circumstances should point more unerringly to the guilt of the accused. Where, upon consideration of all the facts, the mind is left in such doubt as we entertain in this case, we naturally feel considerable hesitation in affirming a verdict of conviction, where, even under the admitted facts, it is not at all improbable that the crime may have been committed by some one else." (See Hall v. Com., 149 Ky., 42.)

On the return of the case to the circuit court, it was tried a second time, the trial resulting in a verdict of the jury, finding the defendant guilty of willful murder, and fixing his punishment at imprisonment in the penitentiary for life. The court entered judgment on the verdict, and the defendant appeals.

It is insisted for the defendant that under the opinion delivered on the former appeal, which is the law of the case, the judgment should be reversed on the ground that the evidence is not sufficient to sustain the verdict; and this is practically the only question made on the appeal. It is true the evidence on the second trial is in substance the same as it was on the first trial. It is unnecessary for us to set out the evidence as it is fully set out in the opinion on the former appeal above referred to. The judgment on that appeal was reversed because the finding of the jury showed on its face when read in connection with the evidence that it was a compromise finding. The proof showed clearly that a murder had been committed for the purpose of robbery. The only real question under the evidence was who committed it. The finding that the defendant was guilty of voluntary manslaughter was palpably against the evidence, and so we came to the conclusion that a new trial should be granted. On the second trial a jury was summoned from another county and a fair trial was had. The unanimous finding of the jury was that the defendant committed the deed. Our rule is not to disturb a verdict in a criminal case, unless it is palpably against the evidence. (Wilson v. Com., 140 Ky., 1.) While the evidence against the defendant is purely circumstantial, it was sufficient to take the case to the jury, and under the rule we have often laid down, we cannot disturb the finding of the jury.

Judgment affirmed.