## Adams v. Commonwealth.

(Decided March 10, 1936).

G. B. STAMPER and SOUTH STRONG for appellant.

B. M. VINCENT, Attorney General, and ROSCOE VINCENT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

John D. Adams appeals from a two-year sentence for malicious shooting and wounding with intent to kill.

First, it is claimed that the plea of former jeopardy should have been sustained. On this point the facts are: After the case had been called for trial on the original indictment and the jury had been accepted and sworn and the commonwealth's attorney had stated the case, appellant by counsel demurred to the indictment. There-

upon the court sustained the demurrer, and, over the ob-jection of appellant, re-referred the case to the grand jury, which, being then in session, immediately returned another indictment. The same jury that had theretofore been sworn and accepted was resworn and tried the case. The argument is that, when the jury was origin-ally impaneled and sworn, jeopardy attached within the meaning of section 13, Bill of Rights, Const., provid-ing that "no person shall, for the same offense, be twice put in jeopardy of his life or limb." It is true that jeopardy does not attach until the jury has been impaneled and sworn, but it does not attach even then, unless the indictment or information be sufficient to sustain a conviction. Runyon v. Morrow, 192 Ky. 785, 234 S. W. 304, 19 A. L. R. 632; Commonwealth v. Gray, 249 Ky. 36, 60 S. W. (2d) 133. Having succeeded in having his demurrer to the indictment sustained, ap-pellant does not contend, and is not in a position to con-tend, that the indictment was sufficient. Bowman v. Commonwealth, 146 Ky. 486, 143 S. W. 47. The indict-ment being insufficient, it follows that the plea of former jeopardy is not available.

The other contention is that the verdict is flagrant-ly against the evidence. According to Elhanan Dea-ton, the prosecuting witness, appellant shot and wound-ed him in the hip at Altro, Breathitt county, on the regular November election day, 1933. At the time he was shot he had no knife, was not cutting appellant, and was not trying to hurt or harm appellant in any way. In addition to other witnesses who only saw Deaton on the ground and appellant with his pistol in his hand after the shooting, Farmer Griffith testified that at the time of the shooting Deaton was backing away from appellant, had his hands up, and was asking appellant not to shoot him. Griffith was impeached by B. May and Wilse Deaton, who claim that they had a con-versation with him after the fight and he told them that at the time of the shooting Deaton was striking at appellant with a knife and pursuing him, and that ap-pellant was backing. The statements were denied by Griffith. On the other hand, appellant testified that at the time of the shooting Deaton was advancing and cutting at him with a big knife, and that, after he had backed up against the depot building and could go no further, he drew his pistol and fired two shots, one of

which took effect in Deaton's hip. Charlie Cole, Lee Baker, Mat Neace, Ance Henson, and Andrew Baker testified substantially to the same effect, and Alice Deaton testified that just before the shooting she saw Elhanan Deaton with a large knife in his hand and heard him say that he was going to kill appellant.

Here the stories told by Elhanan Deaton and Farmer Griffith do not appear on their face to be highly improbable, and are not shown to be such by the physical facts and circumstances. All that we have is that appellant's account of the affair is supported by the greater number of witnesses. Where that is the case, the question of guilt is for the jury, and something more than mere disparity in the number of witnesses is required before it can be said that a verdict of guilty is flagrantly against the evidence. Jennings v. Commonwealth, 213 Ky. 190, 280 S. W. 1086.

Judgment affirmed.