## Cross v. Commonwealth.
(Decided Oct. 5, 1937.)

538

J. B. WALL and E. H. JOHNSON, L. C. WALL and BROCK & JONES for appellant.

HUBERT MEREDITH, Attorney General, R. L. POPE and W. OWEN KELLER, Assistant Attorney General, for the Commonwealth.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Fike Cross has been convicted of the crime of willful murder, and his punishment fixed at confinement in the state penitentiary for life.

Appellant shot and killed George Dilber in the town of Cumberland in Harlan county on the night of January 6, 1937. Appellant and the deceased and several other men had been engaged in a poker game in a room adjoining the saloon owned and operated by John Botnick. Appellant lost all of his money, most of it to George Dilber. After the game ended the participants walked into the saloon, and, according to the witnesses for the Commonwealth, while George Dilber was standing near the counter with a Coca-Cola bottle in his left hand and a match in his right hand, in the act of lighting his pipe, the appellant, without provocation, drew a pistol and began firing at him. Dilber was struck four times, and died immediately. The appellant testified that Dilber grabbed him by the collar, forced him to take a drink, and, after threatening him, started to draw a gun from his coat pocket. His testimony in this respect was supported by one or two witnesses, but no weapon was found on or about Dilber's person after the shooting, and the great majority of eye-witnesses testified that Dilber was unarmed and was not making any demonstration toward appellant just before or at the time of the shooting. However, no contention is made that the verdict is not sustained by the evidence, and a detailed statement of the facts is unnecessary.

Appellant first claims that his plea of jeopardy should have been sustained. An indictment accusing

appellant of the crime of willful murder was returned February 17, 1937, at a special term of the Harlan circuit court. An order entered on the same day shows that the defendant was arraigned in open court and entered a plea of not guilty, and the case was set for trial on the 15th day of the March term. On the first day of the regular March term the indictment was quashed and the case was rereferred to the grand jury, which returned another indictment on the following day. He seasonably filed his plea of former jeopardy, and now insists that, in view of the foregoing facts, it should have been sustained. He contends that he was in jeopardy when he entered his plea to the first indictment, but this contention cannot be sustained. Jeopardy attaches when a defendant in a criminal prosecution has been placed upon trial upon a valid indictment before a court of competent jurisdiction after he has been arraigned and has pleaded to the indictment and a legal jury has been impaneled and sworn. Unless all these elements are present, the defendant has not been placed in jeopardy. Adams v. Com., 263 Ky. 143, 92 S. W. (2d) 7; Mullins v. Com., 258 Ky. 529, 80 S. W. (2d) 606; Com. v. Gray, 249 Ky. 36, 60 S. W. (2d) 133; Williams v. Com., 78 Ky. 93; O'Brian v. Com., 9 Bush, 333, 15 Am. Rep. 715.

The chief ground urged for a reversal of the judgment is the alleged error of the trial court in impaneling the jury. An effort was made to select a jury from the regular panel. It was impossible to obtain a jury from the panel, and soon became apparent that it would be difficult to obtain a jury from Harlan county. With the consent of the appellant, the trial judge ordered the sheriff to summon fifty men qualified for jury service from an adjoining county. These men appeared, and, on their voir dire, were asked if they had served on a jury in any circuit court during the previous year. At least thirteen of them answered in the affirmative. All of them were from Bell county, and some had served on the regular jury in the Bell circuit court after their names had been drawn from the wheel or drum, and three or four had served on juries in the Bell circuit court during the previous year as bystanders. Appellant challenged each of these men for cause, but the court refused to strike them. Appellant then challenged all of them except one peremptorily, but in doing so exhausted his peremptory challenges. He

now insists that the trial court erred in disallowing his challenges for cause.

Section 2247 of the Kentucky Statutes reads in part:

"If a juror drawn from the drum or wheel case has served in any circuit court on the regular panel within twelve months, such service shall be ground for challenge for cause; if a juror is summoned as a bystander, after having within twelve months served on any jury in any circuit court as a bystander, such service shall be ground for challenge for cause."

This provision was evidently intended to apply only to jurors from the county in which the trial is held. The purpose of the Legislature in enacting this provision was to eliminate professional jurors who, because of their presence from time to time in the courthouse, may have become familiar with the facts in a particular case or partisans of particular members of the local bar. Louisville & N. R. Co. v. Owens, 164 Ky. 557, 175 S. W. 1039. Such reasons could not apply to residents of another county. A defendant in a criminal case, as well as the Commonwealth, is entitled to a jury composed of fair and impartial jurors free from bias, actual or implied, and to that end section 194 of the Criminal Code of Practice was enacted. That section authorizes the trial judge to order the sheriff to summon qualified jurors from some adjoining county when he is satisfied that it will be impracticable to obtain a jury free of bias in the county wherein the prosecution is pending. The fact that a juror summoned from an adjoining county has served on a jury in the circuit court of the county of his residence within twelve months could not possibly render him partial or biased in a case pending in another county. The purpose of the quoted provision of section 2247 of the Statutes fails as to him, and, consequently, we are of the opinion that it does not apply.

Appellant also complains because certain evidence offered by him was not admitted. He offered to prove by James Hogg that the deceased employed Hogg to make the table used in the poker game, and by Sam Golgick that the deceased offered to employ him to go to appellant's place of business accompanied by a woman, and to remain in a room there while the de-

ceased arranged to have the premises raided by the police officers. It seems that appellant and deceased were business rivals. Each operated a restaurant in which liquor was sold. It is argued that this evidence indicates a plan by deceased to injure appellant's business. At the time the homicide occurred, appellant knew nothing of the plan, even if it existed. The offered evidence was wholly incompetent, and was properly excluded.

Twelve witnesses testified that the reputation of deceased for peace and quiet was bad, and the court then announced that no more proof on this point would be heard. The Commonwealth offered no proof to the contrary. Appellant complains of the court's ruling, but the matter of limiting the number of witnesses on this point was within the sound discretion of the trial court, and, under the circumstances, that discretion was not abused. Section 593, Civil Code of Practice, which applies to criminal cases; Taylor v. Com., 240 Ky. 450, 42 S. W. (2d) 689.

We find no error prejudicial to appellant's substantial rights, and the judgment is affirmed.