## Wolfe v. Commonwealth.
Jan. 12, 1940.

302

Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

On August 22, 1939, the appellant was indicted by the grand jury of Harlan County for the murder of James Howard; and on September 6th, was convicted of voluntary manslaughter by a petit jury of the same county and sentenced to twenty-one years in penitentiary. His counsel, appointed by the Court to defend him, with commendable zeal have prosecuted an appeal to this Court, and in their brief urged as grounds for reversal (1) that they were appointed upon the calling of the case for trial and were not given time to prepare a defense; (2) that the Court should have sustained appellant's motion for a peremptory instruction to the jury to find him not guilty; (3) that the verdict is palpably against the weight of the evidence; and (4) newly discovered evidence of a character sufficient to entitle appellant to a new trial. We shall dispose of these contentions in their order:

(1) The record fails to show that any motion for a continuance of the case or for time in which to prepare

it was made, although counsel in their brief state that they orally requested a continuance when the case was called for trial. Even though we should consider the motion as having been properly made, no facts appear by affidavit or otherwise which would justify us in holding that the trial court abused its discretion in overruling it. Fifteen days elapsed between the returning of the indictment and the date of the trial, and the offense had been committed more than two weeks prior to the grand jury's action. No attempt by appellant to employ counsel was shown, and there is nothing in the record to suggest that any of his constitutional or other rights were infringed. Seven witnesses appeared for the defendant and corroborated him in his version of the homicide, and his motion for a new trial on the ground of newly discovered evidence names Herman Williams as the only witness not present who could have thrown light on the tragedy. Why Williams was not summoned, or, if summoned, why he did not appear, is not apparent since appellant in testifying named Williams as one of the men with whom he was talking at the time he was approached and struck by the deceased. We adhere to the principles announced in numerous decisions of this Court that when attorneys are appointed to defend an accused he is entitled to have them afforded reasonable time in which to prepare his defense, but we find nothing in the case at bar which amounts to a denial of that principle or which indicates that the defense could have been better prepared had a continuance been granted.

(2, 3) Since the denial of the third ground necessarily disposes of the second ground, we shall briefly point out the salient facts indicating that the jury was fully warranted in finding appellant guilty of voluntary manslaughter.

The homicide occurred on the day of the August primary about the time of the closing of the polls and near a junk pile adjacent to a voting booth. Numerous witnesses for the Commonwealth, many of whom were standing only a few feet away, heard the pistol shot, saw Howard fall backward, and the appellant facing Howard with a pistol in his hand. None heard what passed between them or saw the shot actually fired or the actions of either immediately preceding the shot. Some of them saw a piece of iron some eighteen inches in length lying on the ground in front of Howard as

he fell backward, but otherwise he was unarmed. Immediately following the single shot, which passed through Howard's neck, one of the appellant's friends picked up and carried away the piece of iron which apparently came from the junk pile and was later produced at the trial. The appellant and his witnesses, some of whom had been convicted of felonies, testified that Howard approached appellant from the rear, struck him on the back with the piece of iron and knocked him against Herman Williams with whom appellant was talking, and that appellant drew his pistol and fired after he had recovered his balance, turned around, and discovered Howard again advancing upon him with the iron upraised. There are many discrepancies in the testimony as to the distance between the parties when the shot was fired, and as to whether Howard held the iron in one or both hands; and no testimony was offered which threw any light on the motive which impelled Howard to strike appellant, if he did strike him, or upon the motive which actuated appellant in firing the shot if Howard did not strike him. However, appellant, with no business there, went to the polls armed with a pistol, and it was clearly within the province of the jury to say whether he fired the shot in sudden heat and passion or in his apparently necessary self defense. Hence, the trial court did not err in overruling appellant's motion for a directed verdict at the close of the Commonwealth's testimony, or in refusing to grant a new trial on the ground that the verdict was palpably against the weight of the evidence.

(4) In support of his motion for a new trial because of newly discovered evidence appellant filed the affidavit of Herman Williams, but failed to file his own affidavit negativing his lack of diligence in failing to discover the evidence sooner. This omission was fatal. Oakley v. Commonwealth, 158 Ky. 474, 165 S. W. 691; Belcher v. Commonwealth, 247 Ky. 831, 57 S. W. (2d) 988. Moreover, it is apparent that appellant could not have filed such an affidavit, as his testimony on the stand was to the effect that he was talking to Williams and Bud Johnson when Howard approached and struck him, and that it was Williams who prevented him from falling. In fact, he had been "loafing around" with Williams prior to the shooting. Furthermore, the affidavit of Williams only disclosed one additional fact, namely, that Howard was in a "drunken and intoxicated

condition" and "appeared and acted as if he was drunk and under the influence of intoxicating liquors." In all other respects Williams testimony would have been merely corroborative, and as said in the head notes to the case of Parks v. Commonwealth, 145 Ky. 364, 140 S. W. 544:

> "It is not error to refuse a new trial on the ground of newly discovered evidence which is merely corroborative, especially in the absence of any showing of diligence to procure the evidence at the trial."

It should be noted that the indictment charges that the crime was committed on August 21st, when in fact it was committed on August 5th, and that this is commented on in appellant's brief. But this error was harmless since the date on which the homicide was committed was not a material ingredient of the crime. Criminal Code of Practice, Section 129; Maxey v. Commonwealth, 255 Ky. 330, 74 S. W. (2d) 336; Sergent v. Commonwealth, 257 Ky. 567, 78 S. W. (2d) 795.

No complaint is made of the instructions, which included a proper instruction on self defense, and no complaint is made of the Court's ruling on the admission or rejection of testimony. It follows that the judgment should be and is hereby affirmed.

Judgment affirmed.