## Blancett v. Commonwealth.

Feb. 9, 1940.

James R. Hines for appellant.

Hubert Meredith, Attorney General, and Wm. F. Neill, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

This is an appeal from a judgment of the Butler Circuit Court sentencing the appellant to confinement in the penitentiary for twenty-one years for the shooting and wounding with intent to kill of the town marshal of Morgantown. The indictment was returned on February 7, 1939, and the trial held in June of the same year. The evidence introduced by the Commonwealth, if true, fully warranted the maximum penalty imposed, as it indicates that the shooting, which occurred on the streets of Morgantown, was the result of a conspiracy between appellant and his twin brother, who participated in the affray, to assassinate the town marshal in retaliation for his previous activities directed toward them in the discharge of his official duties.

No complaint of the instructions is made in the brief of appellant's counsel, but numerous other grounds for reversal are urged, the greater number of which we are unable to consider because they are not substantiated by the record. A transcript of the evidence, attested by the official stenographer and signed by the trial judge certifying it to be correct, was filed in the clerk's office according to an indorsement on the transcript, but the transcript of the record is silent with respect to the filing of the transcript of evidence and discloses no order showing it to have been filed or referring to it in any manner as a bill of exceptions. While this Court has been extremely liberal in treating as bills of exceptions, transcripts of testimony properly certified and shown by order of court to have been filed and made part of the record, nevertheless, as said in the case of Spencer v. Commonwealth, 250 Ky. 370, 63 S. W. (2d) 288, 289:

"Those opinions, as a consequence, also hold that unless there be an order of court showing the filing of the bill of exceptions in the trial court none of the matters necessary to be incorporated therein may be considered by this court on appeal."

Moreover, neither the clerk's transcript nor the official stenographer's transcript shows the allegedly improper arguments to the jury made by the attorneys representing the Commonwealth, or the fact, if it is a fact, that a continuance was requested by counsel appointed by the Court to defend the accused. It is alleged by appellant's counsel in his brief that the Hon.

Rodes K. Myers had been employed to defend the accused, but was prevented from attending the trial because of his candidacy for the office of Lieutenant Governor, and that the counsel who actually defended the accused requested a continuance and that their failure to file an affidavit setting forth the grounds for a continuance was occasioned by the refusal of the trial judge to allow them sufficient time to prepare either a written motion or affidavits. Counsel for appellant also alleges in his brief that his failure to incorporate in the record the allegedly improper arguments referred to was occasioned by his inability to procure the services of the official stenographer to report the arguments. The trial judge, however, stated in his opinion overruling appellant's motion for a new trial that Mr. Myers in no way communicated to the Court the fact of his alleged employment; that no motion for a continuance was made; that counsel for appellant was assisted by the Honorable John A. Logan in the trial of the case and had defended the twin brother at a trial in February on the same charge; and that he, the trial judge, would have procured the attendance of the official stenographer to report the arguments to the jury had he been requested to do so. Be this as it may, we are precluded, by the failure of counsel to file affidavits showing ground for continuance and to have the argument complained of incorporated in the record by bill of exceptions, from considering the grounds above referred to, and for the same reason we are precluded from considering his charge that one of the attorneys engaged in the prosecution improperly waved over the heads of the jurors pistols which had not been made part of the evidence. Wolfe v. Commonwealth, 281 Ky. 301, 135 S. W. (2d) 896.

It is also urged as a ground for reversal that the Court erred in discharging jurors summoned in Butler County to try the case after several of them had been accepted by both parties, and in summoning and impanelling a jury from Muhlenburg County. However, the record discloses that before taking the action complained of, the Court fully complied with Section 194 of the Criminal Code of Practice as interpreted in the case of Alsept v. Commonwealth, 245 Ky. 741, 54 S. W. (2d) 337. See also McHargue v. Commonwealth, 239 Ky. 23, 38 S. W. (2d) 927, decided prior to the 1932 amendment to Section 281, Criminal Code of Practice, in which the

Court held that had it then possessed (prior to the amendment) the power to review the action of the trial court in summoning a jury from an adjoining county, it would not have done so under the circumstances of that particular case. Acts 1932, c. 63.

It is also complained that error was committed by the Court in permitting two jurors to serve, notwithstanding the fact that they had served as regular jurors of the Muhlenburg Circuit Court during its May, 1939, term. However, the record does not show that any objection or exception was made or taken to the action of the Court in permitting these jurors to serve. As said by the Court in its opinion filed in the record at the time appellant's motion for a new trial was overruled: "The Court had no way of knowing that the defendant in anywise objected to the jurors, Frymeier or Adcock."

If appellant had challenged these jurors on the ground mentioned and the challenge had been overruled and an exception reserved, a different question would have been presented; but in the absence of such challenge, the propriety of their service cannot be questioned on appeal. Miracle v. Commonwealth, 148 Ky. 453, 146 S. W. 1136.

We conclude this opinion by stating that had we been able to consider the transcript of evidence as a bill of exceptions, or for any purpose, appellant would have derived no benefit therefrom, as it does not reflect the actions of the court or the alleged improper arguments or conduct of counsel complained of, or sustain appellant's assertion that the verdict was against the weight of the evidence, or that prejudicial error was committed in the admission or rejection of testimony.

Judgment affirmed.