## Nuchols v. Commonwealth.

February 3, 1950.

Loraine Mix, Judge.

172

Jones & Jones and Brent C. Overstreet for appellant.

A. E. Funk, Attorney General, and John B. Browning, Assistant Attorney General, for appellee.

JUDGE LATIMER—Reversing.

Appellant, Franklin W. Nuchols, was convicted of the offense of maintaining a common nuisance, consisting of indecent exposure of person. He was given a sentence of confinement in the county jail for a period of one year. He prosecutes this appeal urging as grounds

for reversal:

(1) Insufficiency of the indictment.

(2) Improper formation of jury.

(3) Incompetency of admitted evidence.

(4) Erroneous rejection of competent evidence.

(5) Error in permitting Commonwealth Attorney to propound improper questions.

(6) Error in overruling appellant's motion to discharge the jury because of misconduct of prosecuting attorney.

(7) Erroneous instructions.

Appellant first contends that since the offense of committing or maintaining a public or common nuisance is not statutory, and the act or acts of indecent exposure of person, upon which the indictment is based, is a common-law offense, the indictment should have been for the indecent exposure of person, and especially so since indecent exposure does not constitute a common-law offense of committing or maintaining a public nuisance. We need only to look at the common, ordinary, accepted definition of public nuisance to test the question raised by appellant. In Kentucky Glycerine Co. v. Commonwealth, 188 Ky. 820, 224 S. W. 360, 361, 11 A. L. R. 715, we have such a definition: "A common or public nuisance * * * is a condition of things which is prejudicial to the health, comfort, safety, property, sense of decency, or morals of the citizens at large, resulting either (a) from an act not warranted by law, or (b) from neglect of a duty imposed by law."

It is noted that the indictment says that Frank W. Nuchols "on a — day of December 1948, and at divers other times within twelve months next before the finding of this indictment, did publicly upon the public streets of Jefferson County, did unlawfully, wilfully, and continuously, expose his person in a lewd, filthy and indecent manner to infant girls and to women of various ages, and said acts were repeatedly and publicly done on public streets of Jefferson County, Kentucky, on which the public has a right to pass and repass in said county, and said acts of the said defendant did injuriously affect the tranquility and morals of the public, and divers individuals, and was a common nuisance

to a number of citizens of Jefferson County, Kentucky.'' It will be noted that it is alleged in the indictment that appellant repeatedly within 12 months had committed this act. If it had just been one act, the contention of appellant would be correct—the indictment should have been for indecent exposure of person. But, obviously, the charge that the acts were done continuously and repeatedly on the public streets, thereby creating a more or less existing condition prejudicial to the sense of decency, makes it clearly fall within the definition of a common or public nuisance.

It is next insisted that the indictment is defective because it does not allege that the acts of the appellant were committed in such manner as to be actually seen by others, or that his acts may have been observed by others. We refer again to the indictment. The indictment says that he did ''unlawfully, wilfully and continuously expose his person in a lewd, filthy and indecent manner to infant girls and women of various ages.'' Appellant insists it was necessary to allege that the infant girls and women of various ages actually saw appellant expose himself, or that they were in position to observe him. We do not see how the language could be any stronger than to state that the indecent exposure of the body was made to infant girls and women of various ages. That statement, within itself, carries the conception that he exposed to and the girls saw. The indictment alleges that the acts were repeatedly done on public streets of Jefferson County where the people had a right to pass and repass, and the exposure was to infant girls and women of various ages. There is nothing at all in appellant's contention in this respect.

It is next alleged that the jury was not properly constituted. Upon the voir dire examination, the jury was asked if any of the members had served as a juror on the regular panel within 12 months last past. All members of the panel remained silent, thus signifying that no member had so served. After the trial it was discovered that one member, whose name was drawn from the wheel, had served as a juror in the trial court within 12 months. Appellant, supported by an uncontradicted affidavit, relied on this irregularity in his motion and grounds for new trial. Had this fact been revealed by the juror, it would have constituted cause for challenge. KRS 29.040.

Appellee is contending that appellant should not be heard on this question because no objection was made at the trial below, and cites in support thereof Blancett v. Commonwealth, 281 Ky. 686, 136 S. W. 2d 1069. It is obvious that the cited case is not in point. There, it was brought out on voir dire examination that two of the jurors had served on the regular panel within 12 months but no objection was made at the time to their service. Here, the question was asked and the jury remained silent. It was not discovered until after the trial that the juror in question had served within 12 months.

It is next argued by appellee that such is a ground for reversal only in the event that the facts sought to be elicited by asking the question would show probable bias, and to such an extent that the juror possibly would be induced to return a verdict which he might not otherwise return. Olympic Realty Co. v. Kamer, 283 Ky. 432, 141 S. W. 2d 293, is cited in support of this position. This case relates only to the questions eliciting facts upon which to base and exercise the privilege of peremptory challenge. Here, we are dealing with a situation where a defendant was misled with respect to his privilege and right to challenge for cause. Appellant had only a limited number of peremptory challenges; in fact only three in this misdemeanor case. Failure of the juror to reveal a fact, which would have given appellant a right to challenge for cause, left to appellant the right of peremptory challenge as the only means whereby he could exclude this juror. It is not highly imaginative to conceive a situation wherein the person on trial entertained a strong desire to excuse a particular juror, but, feeling at the same time it to be necessary to exercise his limited number of peremptory challenges to others less desirable, would feel obliged to suffer such juror to remain. This would be a denial to appellant of the highly important right of properly and intelligently exercising his challenges. As was said in Drury v. Franke, 247 Ky. 758, 57 S. W. 2d 969, 984, 88 A. L. R. 917, "The information which was sought to be elicited by the question addressed to the jury panel was pertinent to enable the plaintiffs to intelligently exercise their challenges, a valuable right." For this reason the court below should have granted a new trial. Consequently, the case must be reversed.

Since we have concluded there is error in some of

the other grounds urged, we shall proceed to discuss those contentions in order that same may not arise upon another trial.

In the cross-examination of George W. Marshall, a character witness, he was asked: "I will ask you if you knew that on January 24, 1939, he was arrested and charged with disorderly conduct and exposure of person, did you know that?" And again the question: "And the present charge is exposure of person testified to by 4 reputable witnesses, and you still say that his moral conduct is good?" It will be observed that the first question goes back ten years prior to the present action, and the last question reaches within the present trial. True, the matter was about conduct similar to that charged in the present indictment. The fact is, according to brief of counsel, he was acquitted of that charge. Certainly, the Commonwealth would not have been permitted to introduce as evidence what this defendant did ten years before the trial. Likewise, it was manifestly unfair to go back ten years and in this fashion permit testimony that appellant was arrested and charged with disorderly conduct and exposure of person merely by putting that testimony in the form of a question. Such testimony should be confined to a period of time reasonably near that at which the testimony is offered. These views have been expressed in numerous cases. Shell v. Commonwealth, 245 Ky. 223, 53 S. W. 2d 524; Fletcher v. Commonwealth, 239 Ky. 506, 39 S. W. 2d 972; and Turner's Guardian v. King, 98 Ky. 253, 32 S. W. 941, 33 S. W. 405. While quite possibly true that the four witnesses who had testified in the case against appellant were reputable witnesses, it was obviously prejudicial for the Commonwealth Attorney so to testify in the form of a question.

Having held that the indictment was good in that the acts of appellant constituted the offense of a common nuisance, it was proper for the court to base its instruction on the acts of appellant as constituting such an offense. The contention relative to the instructions, therefore, is without merit.

For the reasons mentioned above, the judgment is reversed.