## Kelly v. Commonwealth.

September 29, 1950.

E. D. Stephenson, Judge.

Abner May for appellant.

A. E. Funk, Attorney General and John B. Browning, Assistant Attorney General, for appellee.

JUDGE REES—Affirming.

Jane Kelly has been convicted of the offense of carrying concealed upon or about her person a deadly weapon, and sentenced to confinement in the penitentiary for a term of two years. She seeks reversal of the judgment on the sole ground that the evidence is insufficient to sustain the verdict, and that she was therefore entitled to a directed verdict of acquittal.

The chief witness for the prosecution, Mrs. Jay Cable, testified that appellant appeared at her home during the latter part of March or early in April, 1949, for the purpose of borrowing $5 to pay her expenses to Roda, Virginia, where she expected to find her sister and brother-in-law who she claimed had broken into a wardrobe in her home on the preceding night and taken $76 in money and a quantity of whisky. Mrs. Cable then testified as follows:

··* * * and I says, are you going to have the

Law to bring them back; and she says, no, I am not, I am going to do other ways, and she pulled a 38 special up out of her bosom, and she says, if I find these folks I am going to shoot the heart out of them, and she put this pistol back in her bosom.

"Q. Could you see it before she got it out of her bosom, Mrs. Cable? A. No. sir.

"Q. Could you see it after she put it back in? A. No sir."

The witness was then shown a pistol which she identified as the one exhibited at her home by appellant. D. C. Moore, sheriff of Pike County, and Sam Guy, a deputy sheriff, testified that appellant admitted ownership of the pistol in their presence. Appellant denied that she went to the home of Mrs. Cable or that she exhibited at any time or place a pistol in Mrs. Cable's presence. She testified that the pistol belonged to her husband, and that she carried it in her purse with a part of the barrel exposed to the home of Crit Vanover and borrowed $10 for the purpose of going to Roda, Virginia, to see her brother who was ill. She left the pistol with Crit Vanover as security for the loan.

The evidence on the only issue in the case was in direct conflict, and the jury's task was to determine the question of credibility as between Mrs. Cable and the appellant. The jury saw fit to believe Mrs. Cable. Her testimony was positive and clear, and sufficient to authorize submission of the case to the jury and to sustain its verdict.

Counsel for appellant in his brief states that the indictment was returned on the evidence of Sam Guy, and that the time and place referred to in his evidence before the grand jury are entirely different from the time and place referred to in the testimony of Mrs. Cable. The indictment merely stated that the offense charged was committed in Pike County on June 11, 1949, and before the finding of the indictment which was returned on June 11, 1949. The names of Mrs. Jay Cable, Sam Guy, Ervin S. Pruitt, Crit Vanover and R. B. Vanover were written on the indictment as the witnesses who had been examined before the grand jury. As frequently happens, the indictment alleged that the offense was committed on the same day the indictment

was returned, but it was further alleged that the offense was committed before the indictment was found. This was sufficient, and as the time was not a material ingredient in the offense, the Commonwealth did not have to prove the felony charged was committed on the exact day named in the indictment. Criminal Code of Practice, section 129; Commonwealth v. Brown Forman Distillers Corporation, 307 Ky. 597, 211 S.W.2d 858; Tester v. Commonwealth, 229 Ky. 403, 17 S.W.2d 260; Commonwealth v. Miller, 79 Ky. 451, 3 Ky. Law Rep. 231.

Judgment is affirmed.