## KINMON v. COMMONWEALTH.

Court of Appeals of Kentucky.
March 6, 1953.

Clyde E. Vincent, Covington, for appellant.

J. D. Buckman, Jr., Atty. Gen., John B. Browning, Asst. Atty. Gen., and James E. Quill, Covington, for appellee.

WADDILL, Commissioner.

The appellant, William Kinmon, was convicted of the crime of armed robbery and sentenced to life imprisonment. KRS 433.140. He relies upon the following grounds for reversal: (1) error in permitting amendment of the indictment; (2) insufficient proof of identification; and (3) the verdict is flagrantly against the evidence.

The record discloses that when the case was called for trial the prosecuting attorney, by agreement with appellant's counsel and with the approval of the court, amended the indictment by inserting the date the offense was committed in lieu of an incorrect date contained therein. We have frequently held that such procedure is harmless error in cases where the date on which the crime was committed was not a material ingredient of the offense. Cr.Code of Practice, § 129; Kelly v. Commonwealth, 313 Ky. 507, 232 S.W. 2d 1022; Strode v. Commonwealth, 301 Ky. 676, 192 .S.W.2d 963; Wolfe v. Commonwealth, 281 Ky. 301, 135 S.W.2d 896; Evitts v. Commonwealth, 257 Ky. 586, 78 S.W.2d 798; Williams v. Commonwealth, 13 Ky.Law Rep. 893, 18 S.W. 1024; Jones v. Commonwealth, 1 Bush 34. The determination of other questions depends upon the proof introduced.

The evidence offered in behalf of the Commonwealth shows that on the afternoon of December 12, 1951, three men entered the store of Henry Jeagley in Covington, two of them armed with pistols, and robbed Jeagley of approximately $3100. During the trial Jeagley positively identified appellant as one of the men who had held a gun on him and who had otherwise participated in the robbery. Lyda Mae Cox, an employee of Jeagley, was present at the time the offense was committed and she testified that appellant was a participant in the robbery. Revel Osborne, one of the persons who entered the store at the time of the robbery, also identified appellant as one of the armed robbers. Thus it is clear that the identity of appellant as one of the men who robbed Jeagley was positively established.

Appellant's defense was an alibi which he endeavored to sustain by witnesses whose evidence tended to establish that appellant was a long distance away from the scene of the crime on the day and at the time of the commission of the robbery. It may be said that if the jury had believed appellant, and his witnesses, the jury would have been justified in returning a verdict of acquittal. However, we have often held that the jury is the proper tribunal to try issues of fact in cases of this character.

988

The jury saw and heard the witnesses. They were the judges of the weight and credibility of the testimony. The evidence sustains the conviction. White v. Commonwealth, 312 Ky. 543, 228 S.W.2d 426; Bolin v. Commonwealth, 311 Ky. 143, 223 S.W.2d 724; Carroll v. Commonwealth, 306 Ky. 175, 206 S.W.2d 818.

Since no error of law appears in the record this Court will not disturb the verdict.

Judgment affirmed.