## GROSS et al. v. COMMONWEALTH.

Court of Appeals of Kentucky.
March 20, 1953.

Williams & Allen, Jackson, for appellants.

J. D. Buckman, Jr., Atty. Gen., and Wm. F. Simpson, Asst. Atty. Gen., for appellee.

SIMS, Chief Justice.

On a joint trial appellants, Hargis Gross and Bertha Neace, were convicted of unlawfully having in their possession in local option territory intoxicating liquor for the purpose of sale, and the punishment of each was fixed at a fine of $100 and confinement in the county jail for thirty days. On this appeal they insist the court erred in not sustaining their motions: 1. To discharge the jury and continue the case; 2. to discharge the jury because the members thereof refused to answer or indicate an answer to a question propounded by appellants' counsel on voir dire; 3. for a directed verdict.

The bill of exceptions shows that on the first day of the term the presiding judge "stated from the bench to the members of the jury in substance that they would never convict anyone for violating the liquor laws if they accepted the testimony of the defendants charged with such

offense." It is commendable practice for the trial judge upon impaneling the petit jury to instruct them generally upon the nature and importance of their duties, but in so doing he must be careful not to make any statements or suggestions likely to influence the decision of the jurors when called upon later to sit in a given case. He should be equally careful not to disparage any legitimate defense that may be made in a subsequent trial. 53 Am.Jur., "Trial", §§ 76, 77, pp. 675, 676.

■ The Commonwealth insists that as the remarks were made on the first day of the term and as this case was not tried until the seventeenth day thereof, the jury could not have been prejudiced. With this we cannot agree. We do not believe the poison had evaporated from the minds of the jurors because of the fact seventeen days elapsed between the time these unfortunate words were spoken to the jury and the time of the trial. A trial judge occupies a high position, and the jury should, and usually does, have great respect for him and is easily influenced by the slightest suggestion coming from him. Burnam v. Com., 283 Ky. 361, 141 S.W.2d 282, and authorities therein cited. Practically the same statement made here was made by the trial judge in Shaw v. Com., 206 Ky. 781, 268 S.W. 550, and it was there held to be reversible error.

■ We are at a loss to understand the second ground for reversal inasmuch as it is inconceivable that the members of the jury refused to answer the question propounded on voir dire by defense counsel, "if they would enter upon the trial of the case presuming the defendants to be innocent of the charge against them." If they had refused to answer, or to indicate their views on the matter, it would seem the trial judge certainly would require them to do so. However, the only thing we can go by is the bill of exceptions signed by the trial judge in which he certified that the jurors refused to answer the question just quoted. In Nuckols v. Com. 312 Ky. 171, 226 S.W.2d 796, 13 A.L.R.2d 1478, we said failure of jurors to reveal a fact which would have given the accused a right to challenge for cause was reversible error.

The question here propounded to the panel which they refused to answer was tantamount, as we construe it, to inquiring of the jury if they would give accused the benefit of a reasonable doubt, and certainly it was error when the trial judge did not require the jury to give, or indicate, an answer thereto.

■ We agree with appellants that under the evidence adduced, the court should have directed a verdict of acquittal. The proof shows accused were remodeling a building with the unusual, but highly imaginative, name of "Bloody Bucket" in which they as partners were about to launch a grocery business. The building was on the outskirts of Jackson and very near the bank of the river which had a high tide at the time. Certain police officers with a search warrant for the building went there to execute it and search for intoxicating liquor. It is stipulated that Breathitt County is in local option territory, and no question is raised as to the sufficiency of the search warrant.

The testimony shows one officer approached the front of the building, one to the back and that Lewis Watkins, Chief of Police of Jackson, went to the right of the building near the river bank. Watkins testified he saw Bertha Neace throw a package in the river as the officers entered the front of the building. When asked what kind of package, he answered, "I couldn't tell what it was." Later he testified, "It looked to be five or six half pints of whiskey." He stated he could see the seals on the bottles and said in his judgment they contained intoxicating liquor. Next, he testified, "In my judgment it was (intoxicating liquor). I couldn't say for sure." This officer testified the river was swift and the bottles soon sank and none of them were recovered.

Several of the officers testified that the reputations of both accused were bad for handling intoxicating liquor.

Gross was not at the building at the time of the raid and knew nothing about the facts, although he did testify there was no whiskey in the building to his knowledge. Bertha admitted throwing sacks out of the

window that day but said they contained garbage and some empty soft drink bottles.

It is patent from the testimony of Chief Watkins he did not know what was in the package Bertha threw in the river, and he frankly said so. True, he followed this direct statement with his conclusion that the bottles contained liquor. However, he added, "In my judgment it was. I couldn't say for sure."

 We have many times written that proof of a person's bad reputation for violating a local option statute alone is not sufficient to sustain a conviction. Neither may a conviction be sustained on evidence amounting to no more than a surmise or suspicion. DeAttley v. Com., 310 Ky. 112, 220 S.W.2d 106. It is not difficult to distinguish this case from Barnes v. Com., 305 Ky. 481, 204 S.W.2d 801. There, an officer stopped a truck in local option territory loaded with bottles labled "Red Top" and "Budweiser" beer and it was written this was sufficient to take the case to the jury although nobody testified that any of the bottles were opened or that they actually contained beer. In the instant case, if the officer had testified the bottles Bertha threw into the river contained the name or names of well-known brands of whiskey and that the seals remained unbroken, this would have been sufficient to have taken the case to the jury.

On another trial, should the evidence be practically the same as that produced on the one now under consideration, the court will direct the verdict in favor of both accused.

The judgment is reversed.