**Thomas W. MITCHELL and James Powell Mitchell, Appellants,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 3, 1955.

Paul E. Tierney, Christopher C. Frishe, Samuel H. Cole, Frankfort, for appellant.

O. J. Cockrell, Frankfort, for appellee.

190

S. Rush Nicholson, Louisville, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

WADDILL, Commissioner.

The appellants, Thomas W. Mitchell and his brother, James P. Mitchell, were jointly indicted for the armed robbery of the Modern Loan Company. Upon their trial both were convicted and sentenced to life imprisonment. KRS 433.140. James P. Mitchell now insists the court erred in overruling his motion for a directed verdict of acquittal, and both appellants are urging a reversal of the judgment on the following grounds: (1) Failure of the court to instruct the jury upon the whole law of the case; and (2) improper and prejudicial remarks made to the jury by the attorney for the Commonwealth.

The case against James P. Mitchell rests upon circumstantial evidence. The testimony introduced in behalf of the Commonwealth established that at about one o'clock P.M. on March 17, 1954, two masked men entered the office of the Modern Loan Company in Louisville, one of them armed with a pistol, and forcibly took from Carmel Pierce, an employee of the loan company, $2,164.50 belonging to the company. Immediately following the robbery, Miss Pierce alerted the police, and furnished them a description of the perpetrators of the crime.

Paul Craddock, the manager of the loan company, testified that he was in a restaurant adjacent to the Modern Loan Company when the robbery occurred, but was watching out the front window onto the street for one of his customers to appear, when suddenly two men came out of the doorway of the loan company office proceeding in his direction. Craddock stated one of those men was carrying a gun, and that before they passed the restaurant, one of them jerked his cap and mask off and discarded them into the street. Craddock said that he pursued them until they escaped in a Chevrolet automobile which displayed a license number he was able to obtain and report to the police. Several hours later at police headquarters, Craddock identified the appellant Thomas W. Mitchell in a lineup as one of the participants in the event he had seen, and during the course of the trial, Craddock again identified Thomas W. Mitchell as one of the culprits.

Policeman William J. Raffra testified that he received a radio report of the robbery at about 1:30 P.M. while cruising north on Floyd Street in a police car in company with Policeman David Patterson, and was given the license number of the wanted car, with instructions to apprehend the occupants of that automobile. Officer Raffra stated that soon after he had received that report, he saw a Chevrolet bearing the license number of the car being searched for, and it was occupied by two men he identified as the appellants. He said he was unable to stop the Chevrolet at that time, but pursued it to College Street where its occupants abandoned the car and fled.

Officer Clifford Harrod testified he arrested Thomas W. Mitchell at approximately 1:20 P.M., on March 17th, at the intersection of Brook and Breckenridge Streets

and he fitted the description of one of the men involved in the robbery. He stated that Mitchell's face was red and he was breathing hard as if he had been running. He said Mitchell admitted that the Chevrolet the police found abandoned was owned by him, but denied that he was implicated in the robbery. Later James W. Mitchell surrendered to the police. ..

The Commonwealth produced several agents of the Federal Bureau of Investigation, who qualified as experts, and it was shown by their testimony that the hairs obtained from the head mask, which was discarded near the scene of the robbery by one of the participants in the crime, were of the same color and bore the same general characteristics as the hairs taken from the head of Thomas W. Mitchell.

James P. Mitchell did not testify. Thomas W. Mitchell's defense was an alibi. He testified that on the day of the robbery he had not been near the Modern Loan Company, and the first information he received about the holdup was given to him by the police when he was arrested. He denied any knowledge about his car being used by the robbers, or that he had driven it that day, or that he had been in the Chevrolet when it was abandoned on College Street. However, he did admit that the gun found by the police in the abandoned Chevrolet belonged to him, but claimed the gun was not in condition to be fired.

The other witness who testified for the defense was L. T. Button who stated he was engaged in the business of selling automobiles at a location on East Broadway in Louisville, and that on March 17, 1954, at about 1:30 P.M., he sold an automobile to an individual who identified himself as James Mitchell. When asked if he could identify the appellant James P. Mitchell as the man who made that purchase from him, Button said he could not state that positively.

■ We think the facts and circumstances shown were of such force as to point convincingly to the conclusion that both appellants participated in the crime. It is not necessary that the evidence should exclude every possibility of their innocence. Hendrickson v. Commonwealth, Ky., 259 S.W.2d 1. It is sufficient if the facts and circumstances point unerringly to their guilt, or form a complete chain directly connecting them with the crime. Bullock v. Commonwealth, 249 Ky. 1, 60 S.W.2d 108, 94 A.L.R. 407; Roberson's New Kentucky Criminal Law, Second Edition, Section 1778. We have carefully considered the evidence in this case and find it was sufficient to warrant the court to submit the question of the appellants' guilt or innocence to a jury. Kinmon v. Commonwealth, Ky., 255 S.W.2d 987; Hall v. Commonwealth, 152 Ky. 812, 154 S.W. 397.

■ The appellants next urge that they were entitled to an instruction under KRS 433.120 which provides punishment for robbery without the use or display of a pistol, gun, or other deadly weapon, because it was not shown that a weapon named in KRS 433.140 was used in the commission of the robbery of the Modern Loan Company. Apparently the appellants desire us to disregard the testimony of Carmel Pierce who testified she was robbed at the point of a pistol. In view of her testimony the instructions given by the court were fully authorized and completely covered the entire law of the case.

■ The appellants further insist that a statement made by the attorney for the Commonwealth in his closing argument to the jury was prejudicial in view of our decision in Broyles v. Commonwealth, Ky., 267 S.W.2d 73. In the Broyles case we condemned the argument of the Commonwealth's Attorney, and reversed the judgment of conviction, because the attorney delivered a discourse on the parole laws of our state. The remark of the attorney now in question was not only invited by previous argument of appellants' counsel, but was also of such a trifling character, and of common knowledge, that the substantial rights of the appellants could not reasonably be said to have been prejudiced thereby. Criminal Code of Practice, § 353. Therefore, we think the proper action was taken by the trial court in sustaining the objection, and by admonishing the jury

not to consider the remark in making up its verdict. Other objections raised to the argument of the prosecutor were all ruled upon favorably to the appellants.

Judgment affirmed.