**Albert Cecil TAYLOR, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 5, 1965.

D. L. McNeill, Hickman, for appellant.

Robert Matthews, Atty. Gen., Charles W. Runyan, Asst. Atty. Gen., Frankfort, for appellee.

WADDILL, Commissioner.

Appellant, Albert Cecil Taylor, was convicted of aiding and abetting other persons in the armed robbery of a bank and his punishment fixed at life imprisonment. KRS 433.140. He contends that the evidence is insufficient to sustain his conviction. While no witness saw appellant near the Bank during the course of the robbery, it is the theory of the Commonwealth that appellant not only helped plan the robbery but had actually participated in it by driving the automobile in which the robbers had escaped.

The cashier of the Citizens Bank of Water Valley testified that during the afternoon of October 14, 1963, two men entered the Bank, one of whom pointed a gun at her, taking $6,011 of the Bank's money. While the robbers were in the Bank, one of them had a knotted stocking pulled over his head as a mask. The cashier identified Herbert Hurt as the unmasked robber, and Mrs. Charles Bennett, who saw the robbers leave the Bank, identified Ben Ray Taylor, the son of the appellant, as the other participant in the robbery.

The evidence supporting the Commonwealth's theory included testimony that: Appellant had told a witness during the evening of October 14, 1963, he drove through a police roadblock that afternoon with two men hidden in his automobile; appellant had registered under a fictitious name at a nearby motel the night before the robbery; when appellant was arrested and searched on the night of October 14, 1963, he had $2,155.85 on his person and a knotted stocking in his car. Appellant did not testify, but his only witness, who was his son, Ben Ray Taylor, stated that the money the police found on his father's person had been won in a poker game.

It is our opinion that the testimony tending to establish appellant's guilt when considered in its totality is of such incriminating character as to justify a submission to the jury of the question of appellant's guilt or innocence and to sustain the verdict rendered. See Hoskins v. Commonwealth, Ky., 374 S.W.2d 839, and Hendrickson v. Commonwealth, Ky., 259 S.W.2d 1.

Appellant next contends that the Commonwealth's Attorney made an improper and prejudicial argument to the jury. The record reveals that the trial judge promptly admonished the jury to disregard the statements which appellant now

claims were prejudicial. Since no motion was made for a discharge of the jury it would seem that appellant was satisfied with the trial judge's admonition. Under the state of this record we are unwilling to hold that the substantial rights of the appellant have been prejudiced. RCr 9.24 and 9.26; also see Mitchell v. Commonwealth, Ky., 280 S.W.2d 189.

Appellant further urges that the trial court erred in failing to instruct the jury on the whole law of the case. The uncontradicted evidence is that Citizens Bank of Water Valley was the victim of an armed robbery. Under these circumstances appellant was either guilty of aiding and abetting an armed robbery as denounced by KRS 433.140 or he was not guilty of committing any offense under the indictment. Hence, the proper instructions appear to have been given.

The judgment is affirmed.