**Rudolph C. PINKSTON and James David Bryan, Appellants,**

v.

**Wanda Jane GRIFFITH, Appellee.**

Court of Appeals of Kentucky.

June 5, 1987.

Robert E. Butler, II, Bardstown, for appellants.

Wayne J. Carroll, Louisville, for appellee.

Before COMBS, COOPER and HAYES, JJ.

HAYES, Judge:

Rudolph Pinkston and James Bryan, appellants herein, appeal from an order entered September 30, 1983, in Nelson Circuit Court overruling their motion for a new trial. CR 59.01. Therein certain trial irregularities were advanced concerning their negligence action against appellee, Wanda Griffith, arising out of an automobile accident in which appellee was a passenger. Appellants maintained that the accident was caused by appellee when she jumped from the front seat to the back while the vehicle was in transit. Appellee did not file a counterclaim. The case was tried June 28 and 29, 1985, after which the jury found for appellee.

Three arguments are raised on appeal. Initially it is contended the trial court abused its discretion in denying their motion for new trial when they discovered, post trial, that two of the jurors had previously served on a jury panel within the previous 12 months, rendering them disqualified to serve under KRS 29A.080(2). Secondly, it is alleged reversible error by the trial court's refusal to permit testimony from appellants' rebuttal witness. Lastly, the appellants find reversible error in the court's instructions and in its' failure to accept the instructions profered. Disagreeing with all of these contentions, we affirm.

■ Initially, appellants assert that a new trial was warranted due to the disqualification of two of the jurors under KRS 29A.080(2), which provides that a prospective juror is disqualified from serving on a jury, if he has served on a jury within the past 12 months. It has been held that the purpose of such a rule is to eliminate professional jurors who, because of their repeated presence, may have become partial to particular attorneys or familiar with the facts of a particular case. *Cross v. Commonwealth*, 270 Ky. 537, 109 S.W.2d 1214 (1937). Generally any challenge to a juror's qualification must be made before the jury is empaneled. *Ohio Casualty Insurance Co. v. Cisneros*, Ky.App., 657 S.W.2d 244 (1983); *Hatton v. Commonwealth*, 294 Ky. 740, 172 S.W.2d 564 (1943). However, where upon voir dire examination they remain silent when inquired whether any member has so previously served, and it is discovered after trial that a juror should have been disqualified, a new trial is warranted, *Nuckols v. Commonwealth*, 312 Ky. 171, 226 S.W.2d 796 (1950), provided that the movant exercised reasonable diligence upon voir dire to discover the claimed disqualification. *Bartley v. Loyall*, Ky.App., 648 S.W.2d 873 (1982). No waiver results where a juror gives false answers to questions touching his qualification, or where the juror knows facts which he should, but does not, disclose. *Higgins v. Commonwealth*, 287 Ky. 767, 155 S.W.2d 209 (1941).

■ In the instant case, the juror qualification forms of the two jurors contained a question whether they had served within the last 12 months, to which one juror admitted, and the other denied. As to the juror that gave a false answer, the disqualification may not have been waived. Even so, the appellants have failed to show in what way they were prejudiced, in that because ten jurors found for appellee, the verdict would have been the same. *Irvin v. Padelford*, 127 Cal.App.2d 135, 273 P.2d 539 (1954). Moreover, they did not find it necessary to challenge the qualification of the juror who admitted having served.

■ Next it is alleged reversible error occurred by the trial court's refusal to permit testimony from appellants' rebuttal witness because of the omission of the witness's name on their pretrial statement as required by the court's local rules, while permitting appellee to testify though she filed her own statement several days late. The excluded testimony was to be offered to rebut James Bryan's own testimony that he was unemployed at the time of the accident. William Puryear testified by avowal that he had told Bryan that he could have a job climbing utility poles for his construc-

tion business. The appellants objected to any testimony being given by appellee, herself, because of her untimely filing. However, the trial court overruled the objection, stating that the local rule was merely intended to make any witness known to both sides, and was never intended to preclude a party from testifying. We agree that appellants could hardly be heard to object to the inclusion of a party's own testimony on such basis.

■ Regardless of the rule's purpose, we fail to discern the prejudice which resulted from the exclusion of Puryear's testimony, as his testimony was only relevant to the prospective issue of damages, and was merely repetitious of what Bryan had already testified to. The trial court did not abuse its discretion. *Collins v. Galbraith,* Ky., 494 S.W.2d 527 (1973).

Lastly, appellants allege reversible error in the instructions to the jury. The evidence at trial revealed that the parties were riding together in David Bryan's Monte Carlo late in the evening of May 30, 1986, after having left a nightclub called the "Hideaway." Bryan was driving, appellee was in the middle, and Pinkston rode on the passenger side next to appellee. Another friend rode in the back. Appellee testified that Pinkston started making sexual advances toward her with his hands. Though appellee testified that she didn't remember jumping into the back seat at that point, appellants so testified. The accident occurred immediately after that, with the Monte Carlo colliding with a van and hitting a set of gasoline pumps.

■ Initially appellants find fault in the instruction which placed a duty on appellee to exercise ordinary care to refrain from engaging in any voluntary act which would interfere with Bryan's operation of the car. As it was well within the province of the jury whether appellee breached this duty by her movement in the car, we find no fault in the inclusion of the word "voluntary."

■ Next appellants find error in the instruction imposing a duty on Pinkston to refrain from riding in the car if he knew or believed Bryan was under the influence of alcohol or other substances to the extent that his ability to operate the vehicle safely was impaired. Though the evidence that all of the parties were drinking alcohol lends support to this instruction, the jury never reached that particular instruction as their previous determination totally exonerated appellee of all fault. Nor do we find error in the instruction which imposed a duty on Bryan to exercise ordinary care, including the duty to operate the car on the right side of the road. Again, as the jury found for appellee, this latter instruction was never reached.

Accordingly, the order entered in the Nelson Circuit Court overruling appellants motion for a new trial is affirmed.

All concur.